UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEREK HARTMAN,

    Plaintiff,

v.                                          CASE No. 8:12-CV-1354-T-TGW

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

    Defendant.
_____

ORDER

THIS CAUSE came on for consideration upon the plaintiff's Motion for Remand Under Sentence Six of 4[2] U.S.C. § 405(g) (Doc. 22).[2] The plaintiff requests a remand for the Commissioner of Social Security to consider a psychological evaluation generated more than one year and eight months after the date of the law judge's decision. Because the plaintiff has failed to establish sufficient grounds for a sentence six remand, his motion

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue as defendant in this action. See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

will be denied. Furthermore, since the plaintiff did not challenge the final decision of the Commissioner, that decision will be affirmed.

I.

The plaintiff, who was thirty-six years old at the time of the administrative hearing and who has the equivalent of a high school education, has no past relevant work experience (Tr. 83-84, 107). He filed a claim for supplemental security income payments, alleging that he became disabled due to heart trouble, depression, anxiety, injuries due to a car accident, and short-term memory deficiency (Tr. 126). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of "history of right femur fracture status post open reduction internal fixation, a history of a right knee injury status post surgery, depression, anxiety, substance addiction disorder, and obesity" (Tr. 20). He concluded that the plaintiff (Tr. 23)

> has the residual functional capacity to perform a wide range of light work. He can lift and carry 20 pounds occasionally and 10 pounds frequently. He can sit, stand or walk six hours each in an eight-hour workday. He has an occasional limitation

> (1/3 of day) for bending, stooping, crouching, and kneeling. He can perform routine tasks with limited contact with the public or stress (1/3 of the day)(20 CFR 416.967(b)).

The law judge ruled that the plaintiff had no past relevant work (Tr. 27). However, based upon the testimony of a vocational expert, the law judge found that the plaintiff could perform work that exists in significant numbers in the national economy, such as mail room clerk, laundry sorter, and equipment tender (Tr. 27-28). The law judge therefore decided that the plaintiff was not disabled (Tr. 28). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

The plaintiff seeks a remand of this matter pursuant to the sixth sentence of 42 U.S.C. 405(g), arguing that there is a reasonable possibility the law judge will change his decision after considering the psychological evaluation of the plaintiff conducted by psychologist Sally A. Stader, Ph.D. (Doc. 22).[3]

---

[3]Thus, the plaintiff has affirmatively stated that "he will not be filing a Memorandum in Opposition to the Commissioner's decision, but instead intends to rely solely on this Motion to Remand" (Doc. 22, p. 1).

II.

New evidence may support a remand under sentence six of 42 U.S.C. 405(g). Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999). In order to obtain a remand, the plaintiff must demonstrate that (1) the evidence is new and not cumulative, (2) the evidence is material in that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the plaintiff's failure to submit the evidence at the appropriate level. Id. The plaintiff cannot satisfy all three of these criteria.

III.

The plaintiff argues that a remand of this matter is warranted for the law judge to consider Dr. Stader's psychological evaluation of the plaintiff, dated November 13, 2012 (Doc. 22-1). Dr. Stader reported that the plaintiff's attitude, cooperation and effort during the evaluation were adequate (id., p. 2). Further, she observed that the plaintiff was "alert and oriented to person, place, situation and time"; he "demonstrated fair attention and concentration"; and his remote and immediate memory appeared to be adequate and good, respectively (id., p. 5). Additionally, Dr. Stader opined

that the plaintiff demonstrated good abstract reasoning and adequate judgment as to self-care and social problems (id., p. 6).

On the other hand, Dr. Stader observed that the plaintiff "had significant difficulty in giving organized or concise and specific information and dates" (id., p. 2). Dr. Stader also noted the plaintiff's reports of "mental health symptoms," such as depressed mood, loss of energy, sleep disturbance, and concentration problems (id., p. 3).

Dr. Stader assessed the plaintiff as suffering from polysubstance dependence, in partial remission; posttraumatic stress disorder; and substance-induced mood disorder (id., p. 6). She opined that the plaintiff's "mental health symptoms... appear to be severely impacting activities of daily living, vocational performance and interpersonal interactions" (id.). Dr. Stader opined further that the plaintiff's symptoms "appear to be long-term and chronic and related to the numerous losses in his life" (id., p. 4).

The Commissioner argues persuasively that this evidence is not material (Doc. 23). Therefore, it does not support a remand.

A. The plaintiff asserts that Dr. Stader's evaluation is "material because it demonstrates that the Plaintiff was probably suffering from a severe mental impairment at the time of the Administrative Law Judge's

decision" (Doc. 22, p. 2). However, the law judge had already found that the plaintiff suffered from severe mental impairments during the pertinent disability period. Thus, the law judge found that the plaintiff had severe mental impairments of depression, anxiety, and substance addiction disorder (Tr. 20). Furthermore, the law judge gave the plaintiff "the benefit of the doubt" and assessed greater mental functional limitations than reflected by the medical record (Tr. 22). Specifically, the law judge restricted the plaintiff to only "routine tasks with limited contact with the public or stress (1/3 of the day)" (Tr. 23). Additionally, the law judge identified for the plaintiff unskilled jobs which permit unscheduled breaks totaling two hours weekly (Tr. 28, 85).[4]

The plaintiff argues further that Dr. Stader's evaluation indicates that he has mental functional limitations of "a greater severity than earlier generated medical evidence[] upon which the Administrative Law Judge relied" (Doc. 22, p. 3). Critically, however, the plaintiff does not identify, and certainly does not support with record evidence, any additional mental

---

[4]Although plaintiff's counsel inquired about unscheduled breaks in the context of a physical ailment, such an accommodation could also ameliorate concentration difficulties.

functional limitations, beyond those found by the law judge, that are warranted as a result of Dr. Stader's report.[5]

Furthermore, Dr. Stader has not specified any mental functional limitations greater than those the law judge included in the residual functional capacity finding (see Doc. 22-1). Dr. Stader merely opined in a vague and conclusory manner that the plaintiff's mental impairments "appear to be severely impacting activities of daily living, vocational performance and interpersonal interests" (id., p. 6). However, this opinion does not explain in concrete terms how the plaintiff's functioning is affected. Thus, the degree of functional limitation is usually expressed in terms of none, mild, moderate, marked or extreme (see, e.g., Tr. 268). It is unknown what Dr. Stader meant by "severely impacting," especially since the term "severe" in social security law is something of a misnomer. Thus, the regulations define a non-severe impairment as one that "does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. 404.1521(a).

---

[5]The plaintiff notes that Dr. Stader recommends that he not manage monetary benefits or make financial decisions, particularly in light of his substance abuse (see Doc. 22, p. 2). However, the plaintiff has not shown that this circumstance renders him unable to perform the jobs the law judge found that he could do.

-7-

Therefore, it cannot be assumed that "severely impacting" means debilitating limitations, or anything close to that.

To the contrary, Dr. Stader's findings are consistent with the mental limitations found by the law judge. For example, Dr. Stader noted in her evaluation that the plaintiff "has a social support system consisting of friends. He attends social gatherings occasionally .... [and] is living with a friend" (Doc. 22-1, p. 5). Further, Dr. Stader opined that the plaintiff's "social problem-solving appeared to be adequate as evidenced by an understanding of personal safety, solution-focused ideas, and social interactions" (id., p. 6). Therefore, there is no basis for concluding that Dr. Stader meant the plaintiff had greater than the moderate limitation in social functioning found by the law judge.

In addition, although Dr. Stader opines that the plaintiff's daily activities are "severely impacted" by his mental impairments, Dr. Stader noted that the plaintiff is "able to bathe, dress and toilet independently"; "prepare basic food ... without assistance"; "complete grocery shopping independently"; and specified that any hindrance to completing household chores relates to his physical, not mental impairments (id., p. 4). Therefore,

-8-

Dr. Stader's evaluation reflects that the plaintiff engages adequately in activities of daily living.

Moreover, Dr. Stader opined that the plaintiff has fair attention and concentration, adequate receptive and expressive language, and good immediate memory (id., p. 5). Therefore, Dr. Stader's comments do not indicate marked limitations in concentration, persistence or pace, either. Further, any such deficiencies appear to be accommodated by the law judge's restriction to jobs involving routine tasks and limited stress (1/3 of the day) (Tr. 23). Moreover, the jobs specifically identified by the law judge require only unskilled work and permit up to two hours of unscheduled breaks weekly, which further ameliorates concentration deficiencies (see Tr. 28, 85).

In sum, there is not a factual basis for concluding that Dr. Stader opined greater mental functional limitations than found by the law judge. Accordingly, there is not a reasonable possibility that the law judge's decision would change after considering Dr. Stader's psychological evaluation of the plaintiff.

B. Moreover, the plaintiff has not made the required showing that Dr. Stader's evaluation relates back to the period before the date of the law judge's decision. Vlamakis v. Commissioner of Social Security, 172 Fed.

Appx. 274, 277 (11th Cir. 2006). Dr. Stader evaluated the plaintiff on November 13, 2012 (Doc. 22-1, p. 2). The law judge issued his decision in this case on February 24, 2011 (Tr. 28). Consequently, more than one year and eight months passed between the law judge's decision and Dr. Stader's evaluation of the plaintiff. Furthermore, Dr. Stader does not assert that her opinion of the plaintiff's mental functioning relates back to the time of the law judge's decision in this case; to the contrary, Dr. Stader repeatedly refers to the plaintiff's "current" functioning, i.e., his functioning as of November 2012 (see, e.g., Doc. 22-1, pp. 4, 6).

The plaintiff argues that Dr. Stader's evaluation is relevant to the pertinent disability period because, although the evidence "was generated after the date of the decision ... his symptoms appear to be long standing and chronic, [and] therefore, there is a reasonable probability that the Plaintiff[']s symptoms have been at this severe level since well prior to the ALJ decision" (Doc. 22, p. 2; see also id., p. 3). Significantly, the plaintiff does not provide any record citations supporting the contention that his mental functioning remained the same during this lengthy period of time, and the court "does not consider 'implicit' conclusions" that a mental condition existed to the same

degree more than a year and one-half earlier. See Wilson v. Apfel, 179 F.3d 1276, 1279 n. 4 (11th Cir. 1999).

Although Dr. Stader opined that the plaintiff's symptoms "appear to be long-term and chronic and related to the numerous losses in his life" (Doc. 22-1, p. 3), at the time of Dr. Stader's evaluation the plaintiff had recently suffered the death of an aunt who the plaintiff stated "was my only other friend besides my mother," and months earlier, but after the law judge's decision, he had been stabbed in the back by a friend, resulting in back surgery and a stay in a nursing home (id., pp. 2, 3). Thus, due to the additional loss and trauma suffered by the plaintiff it is likely that the plaintiff's mental condition had worsened since the relevant disability period. Furthermore, Dr. Stader repeatedly specified that her opinion concerned the plaintiff's then "current" level of mental health symptoms (id., pp. 4, 6).

Consequently, simply because the plaintiff has long-term mental impairments, it cannot reasonably be concluded that Dr. Stader intended her opinion to relate back to the pertinent disability period, or that the plaintiff's mental condition was unchanged over this lengthy period of time. In short, the plaintiff has failed to show that Dr. Stader's psychological evaluation is

material within the meaning of the sixth sentence of §405(g). Accordingly, this failure defeats the plaintiff's request for a remand.

C. In addition, the Social Security Act requires that a plaintiff seeking a sentence six remand must show "that there is good cause for the failure to incorporate [the new] evidence into the record in a prior proceeding." 42 U.S.C. 405(g). Typically, that is done simply by showing that the evidence was not in existence at the time of the prior proceeding. Under that criterion, the plaintiff would have shown good cause for the failure to submit Dr. Stader's report.

This, however, is not the typical case. In this case the plaintiff was scheduled for a mental consultative examination, but he failed to keep the appointment (Tr. 392). The appointment was rescheduled and a "[t]hird party was contacted and agreed to assist" (id.). Nevertheless, that appointment was not kept (id.). The plaintiff has submitted no excuses for his failure to keep these appointments.

Under these circumstances, it is obviously the plaintiff's fault that a report like Dr. Stader's was not included in the record in this case. Although the plaintiff's appointment was not with Dr. Stader (Tr. 97), the plaintiff's failure to keep his appointments resulted in the lack of a report like

Dr. Stader's in the record. Accordingly, the plaintiff cannot show good cause for the failure to incorporate the equivalent of Dr. Stader's report in this proceeding. There is no justification for giving the plaintiff a second chance to develop the record in this case when any deficiencies in this record were due to the plaintiff's unexcused failure to keep his appointments for a mental consultative evaluation.

It is, therefore, upon consideration

ORDERED:

1. That the plaintiff's Motion for Remand Under Sentence Six of 4[2] U.S.C. 405(g) (Doc. 22) be, and the same is hereby, **DENIED**.

2. That, because the plaintiff has not filed a memorandum challenging the Commissioner's decision, the decision is hereby **AFFIRMED**. The Clerk shall enter judgment accordingly and **CLOSE** this case.

DONE AND ORDERED at Tampa, Florida, this 5th day of April, 2013.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE